## PORTER v. PORTER. (No. 6744.)

(Court of Civil Appeals of Texas. Austin. Dec. 12, 1923.)

Appeal and error ⟨⟩781(4)—Where question whether injunction was rightfully issued becomes moot, appeal should be dismissed.

Where a husband, against whom an injunction was issued restraining him from selling community property, in litigation between himself and wife in a divorce suit, had resumed marital relations with his wife, and thereafter the property subject to the restraining order had been sold, the question of whether the injunction was rightfully issued becomes moot, and the appeal should be dismissed.

Appeal from District Court, Coleman County; J. O. Woodward, Judge.

Action by Mrs. I. E. Porter against Theodore Porter. On motion to dismiss appeal of defendant. Motion granted.

Baker & Weatherred, of Coleman, for the motion.

Critz & Woodward, of Coleman, opposed.

BLAIR, J. This appeal was from a temporary injunction, restraining Theodore Porter from selling the community property pending a division thereof in a divorce proceeding between the parties. Appellee, through her counsel, filed a motion to dismiss the appeal, supported by an affidavit that the parties had gone back together and resumed their relationship as husband and wife, and that the property subject to the restraining order had been sold since the parties had resumed their relationship as husband and wife, and therefore the question presented by this appeal becomes moot. Appellant's counsel do not controvert the facts above set forth.

Where it is shown that a husband, against whom an injunction was issued restraining him from selling community property which was in litigation between himself and wife in a divorce suit, had resumed the relationship of husband and wife, and that there-

after the property subject to the restraining order had been sold, the question of whether the injunction was rightfully issued becomes a moot question in this court, and the appeal should be dismissed. Ben C. Jones & Co. v. Philquist (Tex. Civ. App.) 249 S. W. 516, and cases there cited.

Motion granted.